UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| SATISHKUMAR C. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-00029-DCLC-CRW |
| | ) | |
| MARKWAYNE MULLIN,[1] et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Complaint and request for a Temporary Restraining Order

("TRO") [Doc. 1] and Plaintiff's Amended Motion for a TRO [Doc. 9].  For the reasons stated

below, this case is dismissed as the Court lacks subject matter jurisdiction and Plaintiff's motions

for a TRO are denied as moot.

**I.      BACKGROUND**

Plaintiff, proceeding pro se, filed a Complaint on February 9, 2026.  [Doc. 1].  According

to the Complaint, Plaintiff seeks a TRO to prevent Immigration and Customs Enforcement ("ICE")

from arresting or detaining Plaintiff at an "ICE schedule [sic] check-in" which was allegedly

scheduled to occur on February 9, 2026, the same day Plaintiff filed his Complaint.  *Id.*

Plaintiff alleges that in 2012, he was ordered removed by the Harlingen Immigration Court

but later became the victim of armed robbery and assault.  *Id.* at 2.  He states he cooperated with

the police department which allowed him to apply for U nonimmigrant status (a "U visa") with

---

[1]      Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin, who was confirmed as Secretary of
Homeland Security on March 24, 2026, is automatically substituted for Kristi Noem as a defendant
in his official capacity.  The Clerk is directed to update the docket accordingly.

U.S. Citizenship and Immigration Services ("USCIS"). *Id.* Plaintiff alleges he filed his petition, and it has been pending since August 14, 2017. On July 14, 2022, USCIS issued a bona fide determination ("BFD") regarding Plaintiff's I-918 petition, finding the petition meets the initial requirements for U nonimmigrant status, and thus granted Plaintiff deferred action and issued an Employment Authorization Document ("EAD").[2] *Id.* Plaintiff states that he has an ICE reporting date on February 9, 2026, and fears ICE may detain him at this meeting. *Id.* He seeks for the Court to issue a TRO preventing ICE from "arresting, detaining, or removing" him from the United States. *Id.* at 3.

The Court ordered the United States to file a response to Plaintiff's Motion and provide an update on his detention status. [Doc. 7]. The United States entered a notice stating that "based upon a review of the records and information in ICE's systems and databases, Plaintiff was not detained by ICE on February 9, 2026, and is not currently detained by ICE." [Doc. 8, pg. 2]. It also states that Plaintiff had been detained on January 24, 2026, following an "encounter" with the Sullivan County Sheriff's Department and ICE, and was placed on alternative to detention status ("ATD"). *Id.* He was released from ICE custody on January 26, 2026, on ATD with a GPS monitor and is required to make periodic visits. *Id.*

Plaintiff then filed an amended TRO on March 24, 2026, stating that he has an ICE reporting date scheduled for March 25, 2026, and a biometric date scheduled for March 31, 2026.

---

[2]     A BFD is USCIS's threshold finding that a pending I-918 U visa petition is genuine, that is "made in good faith; without fraud or deceit." *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 438 (6th Cir. 2022). When USCIS determines that a petition is bona fide and that the petitioner warrants a favorable exercise of discretion, "USCIS issues them BFD EADs and grants deferred action." *Id.* at 438. Deferred action, in turn, is "an act of administrative convenience to the government which gives some cases lower priority for removal." [Doc. 9-2, pg. 18]. A BFD therefore represents an agency decision that the petition has merit and that removal is considered low priority.

[Doc. 9].  Plaintiff reiterates his fear that ICE may detain him at these reporting dates and seeks for the Court to prevent ICE from detaining or removing him pending the resolution of his U visa application with USCIS.  *Id.*

## II.     ANALYSIS

Plaintiffs seeking a TRO must first show Article III standing.  *See Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016).  If a plaintiff "cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction."  *Loren v. Blue Cross & Blue Shield*, 505 F.3d 598, 607 (6th Cir. 2007).  A party may move to dismiss a claim for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or the Court may raise the issue sua sponte.

Article III confines federal judicial power to the resolution of "Cases" or "Controversies." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* (citing *Raines v. Byrd*, 521 U.S. 811, 819 (1997)) (quotations omitted).  Article III standing requires a plaintiff to show "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

As the party invoking federal jurisdiction, the plaintiff bears the burden of proving standing.  *See Lujan*, 504 U.S. at 561.  An injury in fact requires a showing that it is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.* at 560.  "Suits based solely on the 'mere risk of future harm' cannot establish an injury sufficient for standing." *Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Comm'rs*, 53 F.4th 1014, 1020 (6th Cir. 2022) (quoting *TransUnion LLC*, 594 U.S. at 415).  "And when a plaintiff seeks prospective relief such

as an injunction, the plaintiff must establish a sufficient likelihood of future injury." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024).

The Court addresses Plaintiff's Motions separately. Article III requires not only that a plaintiff have standing at the time of filing but that an "actual controversy must exist … through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (quotations and citations omitted). When a case becomes moot, this Court loses subject matter jurisdiction over the case because the Court cannot grant the plaintiff "any effectual relief." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). A request for a TRO preventing detention at a specific date becomes moot when that date passes with no detention occurring. After all, there is nothing this Court can do now to address what did not happen on February 9, 2026. *See Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) ("The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case.").

The original TRO [Doc. 1] sought to prevent ICE from arresting or detaining Plaintiff at a check-in appointment scheduled for February 9, 2026, the same day he filed his Complaint. The United States' notice confirms that Plaintiff was not detained on that date. [Doc. 8, pg. 2]. Because that date has passed and no detention occurred, there is no relief the Court can grant with respect to that event. Plaintiff's original TRO [Doc. 1] is accordingly moot.

Plaintiff's amended TRO [Doc. 9], filed March 24, 2026, identified two occasions on which Plaintiff feared detention: an ICE reporting date on March 25, 2026, and a USCIS biometric appointment on March 31, 2026. The Court construes [Doc. 9] as the operative amended TRO

motion.[3]  Both dates have since passed, and the amended TRO is moot for the same reason as the original.  *See Church of Scientology*, 506 U.S. at 12.

The amended TRO also fails, however, for lack of Article III standing, and the Court will address that issue in the alternative.  As to the March 25 ICE reporting date, Plaintiff has not alleged facts sufficient to demonstrate that ICE intends to detain him at that or any future date when ICE requires Plaintiff to report.  To the contrary, the United States' own notice and the record establish that ICE did not detain Plaintiff at the February 9, 2026, reporting date, the date that prompted Plaintiff's initial emergency filing, and that, following a brief detention in January 2026, ICE elected to release Plaintiff on ATD[4] with GPS monitoring rather than pursue removal.  [Doc. 8, pg. 2].  USCIS also issued a BFD on Plaintiff's I-918 petition in July 2022 and, as a result, granted deferred action, which USCIS characterized in its own correspondence as "an act of administrative convenience to the government which gives some cases lower priority for removal." [Doc. 9-2, pg. 18].  Taken together, these circumstances, that ICE has not detained him on any prior reporting dates, that it released him on ATD with GPS monitoring rather than execute the prior removal order, and USCIS's representation that deferred action places Plaintiff in a "lower priority for removal," all contradict Plaintiff's claim that detention at a future reporting date is "certainly impending" or poses "a substantial risk that the harm will occur."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotation omitted); *see also Lujan*, 504 U.S. at 564 n. 2.  To be sure, ICE retains the legal authority to execute on Plaintiff's prior removal order, but that it is theoretically possible does not establish that the injury is "certainly impending."  *Clapper v.*

---

[3]    In his Motion filed March 24, 2026, Plaintiff moved the Court for leave to file the attached Amended Motion for a TRO.  [Doc. 9, pg. 1].

[4]    ATD is the mechanism the government employs precisely as an alternative to custodial detention.

*Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Standing is also an issue for Plaintiff's March 31 biometric appointment. That appointment, as reflected in the USCIS Form I-797C Notice of Action attached to Plaintiff's Motion, is a biometric processing event for an Application for Employment Authorization (case type I-765) at a USCIS Application Support Center in Greer, South Carolina. [Doc. 9-2, pg. 4]. Plaintiff's theory of harm at that appointment requires a chain of events: that ICE would learn of his routine USCIS biometrics appointment for employment authorization renewal in another state, elect to treat it as an opportunity to enforce the outstanding removal order, and then arrest Plaintiff there *despite* his ATD status, GPS monitoring, and active deferred action status. The Supreme Court has rejected Article III standing where the injury is based on a "highly attenuated chain of possibilities." *Clapper*, 568 U.S. at 410. Although ICE could exercise its discretion to arrest Plaintiff, again, it is not "certainly impending." *Id.* at 409.

Given these circumstances, the Court concludes that Plaintiff has failed to establish the injury required under Article III as to either date identified in the amended TRO. Even accepting as true that Plaintiff harbors a genuine fear of detention, "fear of future harm is cognizable only when the feared harm is 'certainly impending.'" *Garland v. Orlans, PC*, 999 F.3d 432, 438 (6th Cir. 2021). Plaintiff has not shown an injury that meets that standard.

## III. CONCLUSION

For these reasons, the Court lacks subject matter jurisdiction over this case, and it is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's original TRO Motion [Doc. 1] is **DENIED AS MOOT**. Plaintiff's Amended Motion [Doc. 9] is **DENIED AS MOOT** and, alternatively, **DENIED** for lack of Article III standing. A separate judgment shall enter.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge